IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven M. Smith, Plaintiff, v. Captain Rasar; Lt. Thomas; Cpl. Hall; Deputy Priester; Deputy Linda Cook, Defendants. | C/A No. 0:20-3616-HMH-PJG **ORDER REGARDING AMENDMENT OF COMPLAINT** |

The plaintiff, Steven M. Smith, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

## I. Factual and Procedural Background

Plaintiff is an inmate at the Barnwell County Detention Center. Plaintiff alleges that on July 30, 2020, Linda Cook falsified inmate transactions or created a fake account to "receive a refund." (Compl., ECF No. 1 at 13.) He also alleges that Captain Rasar and Lieutenant Thomas retaliated against him for filing or attempting to file grievances about "injustices." (Id. at 14.) He further claims Corporal Hall made sexually harassing statements and gestures and "racial commentary" to Plaintiff, which makes Plaintiff fear for his life. (Id.) He also claims Deputy Priester allowed an inmate to be Plaintiff's cellmate who "consistently masturbated on the plaintiff." (Id. at 13.) Without specifying which of these incidents caused his injuries, Plaintiff seeks damages for abdominal stress, muscle spasms, night terrors, sleep deprivation, traumatic

stress, and emotional and physical trauma. (Id. at 6.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for damages and to have the defendants fired for misconduct. (Id.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

However, Plaintiff fails to provide facts about the defendants and their actions that would plausibly show that the defendants injured Plaintiff or that the defendants were the cause of any constitutional deprivations. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.' ") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). Rather, Plaintiff makes conclusory accusations against the defendants without providing any facts that would explain how the defendants' actions violated Plaintiff's rights or caused him injury.

See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).

As to Deputy Linda Cook, Plaintiff fails to explain what she did to injure Plaintiff. See Iqbal, 556 U.S. at 678. As to Captain Rasar and Lieutenant Thomas, while prisoners have a constitutional right to use prison grievance systems without retaliation,[1] Plaintiff fails to explain how these defendants retaliated against him. See generally Martin v. Duffy, 858 F.23d 239, 249 (4th Cir. 2017) (stating that to state a colorable retaliation claim, a plaintiff must allege he engaged in a constitutionally protected activity, the defendant took some action that adversely affected the plaintiff's constitutional right, and there was a causal relationship between his protected activity and the defendant's conduct); see also Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019) ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.") (citing Hartman v. Moore, 547 U.S. 250, 256 (2006)).

As to Deputy Priester, even assuming that Plaintiff's cellmate's behavior is a "risk of harm" redressable by a deliberate indifference claim, Plaintiff fails to provide any facts to show that Priester was deliberately indifferent to that harm. See generally Farmer v. Brennan, 511 U.S. 825, 834 (1994) (providing that to establish that a jail official was deliberate indifferent to a detainee's conditions of confinement, the plaintiff must allege that the official was aware of the condition and failed to act). As to Corporal Hall, verbal abuse, even sexually or racially harassing verbal

[1] Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 545 (4th Cir. 2017).

abuse, without more, does not implicate constitutional protections. See, e.g., Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999) (use of racial epithets during an arrest does not itself violate the Constitution); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (mere verbal sexual harassment by prison guard does not violate the Eighth Amendment); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.) (collecting cases finding that verbal abuse or profanity by prison guards does not rise the level of a constitutional violation), aff'd, 917 F.2d 1302 (4th Cir. 1990).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[2] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

**IT IS SO ORDERED**.

December 1, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[2] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

## IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).